UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



MARK ERIC LAWLOR,

        Petitioner,

v.                                  Civil No. 2:15cv113

DAVID W. ZOOK, *Warden,*
*Sussex I State Prison,*

        Respondent.

## FINAL ORDER

This matter is before the Court on a Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by counsel for Mark Eric Lawlor ("Petitioner"), a Virginia state inmate. ECF No. 20. In July of 2011, Petitioner was convicted of capital murder and was sentenced to death. After exhausting his state court appeal and habeas remedies, Petitioner filed the instant § 2254 motion raising eighteen claims for relief.

In June of 2017, following the issuance of a Report and Recommendation ("R&R") by the United States Magistrate Judge assigned to this case, this Court issued an Opinion and Order adopting the R&R and denying and dismissing Petitioner's § 2254 motion. ECF No. 60. The Fourth Circuit thereafter granted Petitioner a certificate of appealability as to certain claims, and on November 27, 2018, issued an Opinion reversing this Court's ruling regarding the constitutionality of the sentencing phase of

Petitioner's state-court trial and remanding with instructions that this Court grant Petitioner relief. Lawlor v. Zook, 909 F.3d 614, 635 (4th Cir. 2018). The Fourth Circuit concluded that the Virginia trial court violated clearly established federal law, and that such violation had a "substantial and injurious effect" on the jury's verdict, when the trial court excluded certain potentially mitigating evidence from the "penalty phase" of Petitioner's jury trial. Id. at 634-35. The Fourth Circuit subsequently denied a petition for rehearing en banc, and issued its mandate on January 4, 2019.

Consistent with the instructions of the Fourth Circuit, and for reasons stated in Lawlor v. Zook, 909 F.3d 614 (4th Cir. 2018), Petitioner's § 2254 Writ of Habeas Corpus, ECF No. 20, is **GRANTED** to the extent that Petitioner challenges the constitutionality of the manner in which his sentence of death was imposed. Petitioner's sentence of death, imposed by the Circuit Court for the City of Fairfax, Virginia is **VACATED**, and his case is **REMANDED** to such Court for a new penalty phase proceeding, or for other appropriate proceedings[1] consistent with clearly established

---

[1] As noted by the Fourth Circuit, Petitioner admitted participation in the killing on the eve of his state-court jury trial, and he did not challenge any aspect of his conviction on appeal to the Fourth Circuit. Lawlor, 909 F.3d at 619. After completion of the guilt-phase of Petitioner's trial, the only sentencing options available for the jury to recommend were "death" or "life imprisonment" without the possibility of parole. This Court does not unconditionally "Order" a new penalty-phase proceeding because there may be other permissible avenues to resolve the case on remand should the Commonwealth's Attorney elect not to pursue a sentence of death.

2

federal law. Nothing in this Order should be interpreted as calling into question the validity of Petitioner's conviction.

The Clerk is **REQUESTED** to enter final judgment in favor of Petitioner and to forward a copy of this Final Order to counsel for both parties.

It is so **ORDERED**.

                                                  /s/ _____
                                                  Mark S. Davis
                                      Chief United States District Judge

Norfolk, Virginia
January 22, 2018